SPENCER GREGORY, Administrator, *vs.* INHABITANTS OF ADAMS.

A town is liable for an injury occasioned by a defect in a highway which the town is bound
to repair, to an elephant driven over it with due care, if in the opinion of the jury an ele-
phant, at the time and place and under the circumstances of the accident, was an animal
which it was reasonably proper to take over a highway kept for the reasonable use of the
public.

ACTION OF TORT, to recover the value of an elephant, on the
ground that it died from injuries occasioned by a defect in a
highway in the town of Adams.

The plaintiff offered to prove the following facts : " That the
elephant made part of a collection of animals of various de-
scriptions, about that time exhibited in various parts of this
and other states ; that previously to the injury complained of the
plaintiff had paid for and received a license from the selectmen
of Adams for the exhibition of said animals in said town ; that
after such exhibition was finished he was driving or conduct-
ing said elephant over a road and bridge forming part of the
highway within said town, which said town was by law bound
to keep in repair, towards another town, for the purpose of a
like exhibition ; that, while passing over said bridge, it proved
insufficient to sustain the weight of the elephant, and broke
down ; that from the injury received from the breaking of the
bridge the elephant subsequently died ; that said bridge was not
in a state of repair at the time, and broke down from the fact
that it was defective and insufficient for the ordinary and legal
use to which it might be applied; that such defect and want of
repair had existed more than twenty four hours previously to
the injury, and that the town had reasonable notice of such de-
fect and want of repair ; that the elephant weighed above five
and less than six tons, and did not create a greater stress upon
said bridge than an ordinary carriage and load thereon, weighing
six tons, would create ; that the plaintiff was using due care
while so passing over said bridge with said elephant ; that for
the last fifty years it has been customary for owners of collec-
tions of animals, including elephants, like the plaintiff's, to pass

and repass with them over the roads and bridges in all parts of this state and the other New England states, for exhibition; and that such elephants have been usually led or driven in the same manner as in the case now presented, over said roads and bridges, in safety, as the same are usually constructed."

The defendants contended that, admitting that all the facts would be established, still " they were not liable for the injury sustained by the elephant, and were not bound to maintain roads and bridges safe and convenient for the driving of elephants over them for exhibition ; but that if the plaintiff chose to use their roads and bridges for that purpose, he did it at his own risk." *Bigelow*, J., reserved the case for the consideration of the whole court.

*W. G. Russell*, for the plaintiff. Upon this report it is to be taken as proved, 1st. That the defendants were bound by law to maintain the bridge in question. 2d. That solely by reason of a defect in said bridge, of which the defendants had due notice, which defect rendered it unsafe for ordinary travel, and insufficient to sustain ordinary weight, the plaintiff's property, viz., his elephant, was injured. 3d. That the plaintiff was using due care in passing over said bridge with his elephant.

Upon these facts the plaintiff is entitled to recover for " any damage in his property," by *St.* 1850, *c.* 5, § 1, which gives the plaintiff's only remedy, and is to be liberally construed. *Brady* v. *Lowell*, 3 Cush. 121. *Harwood* v. *Lowell*, 4 Cush. 310. *Reed* v. *Northfield*, 13 Pick. 94, 101. It is not to be limited to " travellers, with their horses, teams and carriages," who are mentioned in the Rev. Sts. *c.* 25, § 1, merely as a rule of the duty of towns in relation to highways. The remedy given by § 22, or by the *St.* of 1850, *c.* 5, now in force, is not limited to " travellers." *Thompson* v. *Bridgewater*, 7 Pick. 188. *Marble* v. *Worcester*, 4 Gray, 395, 403, 404, 407. The property for which damages may be recovered is not limited to " horses, teams and carriages." The statute would certainly protect a pedler with his pack; a farmer with his cattle. Construing the *St.* of 1850, by proper reference to the Rev. Sts. *c.* 25, §§ 1, 22, and *St.* 1786, *c.* 81, § 7, and applying the rule *noscitur a sociis*,

a remedy is given for injury to all tangible, visible property, such as animals, goods and chattels of every description. *Harwood* v. *Lowell,* 4 Cush. 313. *Brailey* v. *Southborough,* 6 Cush. 141.

Upon the facts found, such use was a customary and ordinary use; such as the town itself contemplated and recognized as proper, by its license to the plaintiff; and in its nature ordinary. Highways are designed and used for the passage and transportation of animals and property of various kinds; and the novelty or rarity of the animal or property does not affect the nature of the use, if nothing extraordinary in the nature, weight or mode of passage or of transportation of the animal or merchandise contributes to the injury, and the defect is the sole cause of the damage received. As illustrations of the rule, suppose, 1st. A wagon attached to this menagerie, with a reasonable burden of tents, provender, &c.; 2d. A wagon with a cage of wild or tame animals, constituting no greater burden; for instance, a lion, a hippopotamus, an elephant; 3d. An elephant not in a wagon but on foot, creating no greater or different stress upon the bridge, and liable in no greater degree to damage than if in the wagon — which cannot be distinguished in principle from the others.

The insufficiency of a bridge to sustain a weight of six tons is a defect within the terms of the statute. See *St.* 1838, *c.* 104. The report finds that such defect existed, and that the injury was solely attributable to it. The defendants are therefore liable. *May* v. *Princeton,* 11 Met. 442. *Marble* v. *Worcester,* 4 Gray, 401.

Even if the facts offered in proof, taken in connection with *St.* 1838, *c.* 104, do not conclusively establish the liability of the town, the question whether there was any extraordinary use of the highway, or any unreasonable stress upon the bridge, is a question for the jury. The jury are to determine whether the injury is occasioned solely by the defect. The case is analogous to that of ordinary care, which is for the jury. *Bigelow* v. *Rutland,* 4 Cush. 247. *Marble* v. *Worcester,* 4 Gray, 407, and cases cited.

*J. G. Abbott*, for the defendants. The only duty imposed upon towns is to keep the roads in such state of repair " that the same may be safe and convenient for travellers, with their horses, teams and carriages at all seasons of the year." Rev. Sts. *c.* 25, § 1. *Mower* v. *Leicester*, 9 Mass. 247. *Brady* v. *Lowell*, 3 Cush. 121. *Tisdale* v. *Norton*, 8 Met. 388. *Harwood* v. *Lowell*, 4 Cush. 312.

An elephant led about for exhibition can in no wise be included within either of the classes for whose use the road is to be made convenient and safe. It was not intended or contemplated to make towns responsible for those extraordinary and occasional uses to which their roads are put.

So far from this being a use for which towns are compelled to provide, under some circumstances it might be a nuisance. In many highways and streets an elephant would prevent, while passing, all use of the highway by others, and might be an object so unusual and strange to other domestic animals as to frighten them into doing injury to themselves and others.

The *St.* of 1850, *c.* 5, giving a remedy for " any bodily injury, or any damage in property, through any defect or want of repair " in the highway, extends only to that class of persons and property for whose safety the obligation is imposed to keep roads in repair, and not to persons who are not travellers or to property such as travellers do not usually have with them. This provision, substantially the same as that in the revised statutes, has always received a limited construction, although the terms used are sufficiently comprehensive to include all persons and all property. *Harwood* v. *Lowell*, 4 Cush. 312. *Brailey* v. *Southborough*, 6 Cush. 141. *Reed* v. *Belfast*, 20 Maine, 246. *Chidsay* v. *Canton*, 17 Conn. 475. The construction for which the defendants contend has been put upon a similar statute in Maine. *Peck* v. *Ellsworth*, 36 Maine, 393. *Stinson* v. *Gardner*, 42 Maine, 248.

The fact that the selectmen, acting under a law or regulation of police, had given a license to exhibit the elephant in the town, cannot extend the liability of the town.

This case was decided in June 1860.

MERRICK, J. This action must stand for trial. It is not for the court to determine absolutely that there is no legal ground upon which the owner of an elephant injured by a defect in a public highway can recover compensation for the loss thereby sustained. This is a mixed question of law and fact. The case therefore should be submitted to a jury under proper instructions in matters of law applicable to the facts which may be proved upon the trial.

Our statutes provide that towns shall keep all highways, town ways, causeways and bridges within their respective limits in such state of repair that they may, at all seasons of the year, be safe and convenient for travellers passing along and upon them, with their horses, teams and carriages; Rev. Sts. *c.* 25, § 1; and that if any person suffers an injury in his person or property through any defect or want of repair therein, he may recover in a special action of the case the amount of damages thereby sustained. *St.* 1850, *c.* 5, § 1. These provisions, although contained in different statutes, yet having the same general object in view, should undoubtedly be construed in reference to each other. The former prescribes the standard of duty imposed upon towns; the latter fixes the responsibility which will devolve upon them, if injury results from their failure to conform to the requirements of the law. When taken into consideration together, it must be held, upon a just construction to be given to the language of both, that the obligation of these municipal corporations is, not to keep all their highways and bridges in the highest possible state of repair, or so as to afford the utmost convenience to those who have occasion to use them; but only in such condition that, having in view the common and ordinary occasions for their use, and what may fairly be required for the proper accommodation of the public at large in the various occupations which may from time to time be pursued, each particular way shall be so wrought, prepared and maintained that it may justly be considered, for all the uses and purposes for which it was laid out and designed, to be reasonably safe and convenient. Thus, while the public easement extends throughout the whole territory over which a common highway is legally located, and upon which

no permanent structure or obstruction can be placed without constituting a nuisance, towns are not in all cases compelled to level or make smooth, or fit for travel, the entire surface. This must, in each instance, when the law is to be applied, be considered and treated as a practical question, and determined according to the facts and circumstances which have a bearing upon it. *Commonwealth* v. *King*, 13 Met. 115. *Howard* v. *North Bridgewater*, 16 Pick. 189. Accordingly, in cities and other populous places, where travellers, for purposes of pleasure or business, collect in large numbers, every part of the located way, including sidewalks as well as the carriage path, must be wrought and fitted for use ; while in other sections of the state, in which the population is sparse and the public travel very inconsiderable, it will be a sufficient compliance with the law to prepare and maintain only a portion of the highway, however small, if it be sufficient to meet all the wants of the public, in such manner that it shall be safe and afford a reasonable degree of convenience to that portion of the community who have occasion to avail themselves of it for lawful or proper purposes.

It is thus apparent that the great object and design of the law are to make provision, in a reasonable manner and to a reasonable extent, for the public convenience and accommodation, by securing to all persons the means of easy, uninterrupted and safe communication and intercourse with others in the conduct of their affairs, and in the pursuit and management of any of the usual and ordinary modes of occupation and employment in which different individuals are respectively engaged. The statute, therefore, in declaring that highways and bridges shall be kept in suitable repair for travellers with their horses, teams and carriages, is not to be construed so as to confine the benefit of its provisions to those only who make use of the particular kind of animals or vehicles enumerated. These are obviously mentioned merely as instances, intended to illustrate the general proposition contained in this provision of the statutes, and to show for what purpose highways are to be made and kept in a safe condition for common and public use. And it is thus very plainly indicated, that it is the great and substantial purpose of

the law to supply and afford such facilities for the passage of travellers and the transportation of property over public highways, as the necessities or reasonable convenience of persons engaged in any of the common, prevalent and various pursuits of life from time to time may require. And therefore there is no limitation or restriction, in the use of a public highway, to the horses, teams and carriages mentioned in the statute but all persons may lawfully go and travel upon it with any animal or any vehicle which is suitable for a way prepared and maintained so as to supply and afford the usual and common accommodation needful to or required by the community; and if, while thus travelling, damage is sustained in consequence and by reason of defects and want of repair in the way, compensation may be recovered in an action against the town.

This is the measure and extent of the obligation of towns in reference to the support and maintenance of public highways. They are not required to make preparations for the safety or convenience of those who undertake to use those ways in an unusual or extraordinary manner, involving peculiar and special peril and danger, whether it be in respect to the kind or character of animals led or driven, or the magnitude or construction of carriages used, or the bulk or weight of property transported. And if any person undertakes to use or travel upon a public highway in an unusual or extraordinary manner, or with animals, vehicles or freight not suitable or adapted to a way opened and prepared for the public use in the common intercourse of society and in the transaction of usual and ordinary affairs of business, he then takes every possible risk of loss and damage upon himself; and he can have no remedy against the town to recover recompense for injuries sustained, although they be the direct result of defects and imperfections in a way for which it would be responsible in case of injury to individuals in the lawful and proper use of it. More especially would this be true, if the unreasonable manner in which the person should thus undertake to avail himself of a public way should make an unjustifiable obstruction in it, or essentially interfere with the rights, safety or reasonable security or convenience of others equally

entitled to its use or enjoyment. No one can be justified in an unusual and peculiar use of a public easement, which will either necessarily or probably operate to the prejudice, disadvantage or injury of others, who have rights fully commensurate with his own.

The question at issue in the present case must therefore be left to the jury to determine, in view of the principles of law above stated, whether an elephant, considered in reference to the time and place when and where, and the manner in which he was driven, was an animal suitable and proper to be driven or led upon the public highway and bridge there established according to law for the general and common convenience of the whole community. Unless this is shown, the owner, who ventured with him upon the public way, took upon himself all the consequences which ensued from travelling there, and for injuries sustained by reason of its imperfection or defects can maintain no action against the town. *Case to stand for trial.*

A trial was accordingly had at April term 1861, and resulted in a disagreement of the jury.